# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 15-2185, Amy Sparks, et al. v. Oxy-Health, LLC et al. |
|---|---|
| **Originating No. & Caption** | 5:13-cv-00649-FL, Amy Sparks, et al. v. Oxy-Health, LLC et al. |
| **Originating Court/Agency** | USDC for the Eastern District of North Carolina Western Div |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 09/15/2015 | |
| Date notice of appeal or petition for review filed | 10/05/2015 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

　　This case involves the wrongful death of Jarred Sparks in an OxyHealth Vitaeris 320 hyperbaric chamber after the quick disconnect valve providing the only source of fresh air into the chamber disengaged.  As a result, Jarred Sparks died of asphyxiation.
　　On September 12, 2013, the Sparks family filed a Complaint in the district court alleging causes of action for: Inadequate Design, Inadequate Warning, Negligence and Negligent Failure to Warn, Breach of Implied Warranty of Merchantability, Breach of Express Warranty, Unfair and Deceptive Trade Practices, and Negligent Infliction of Emotional Distress.  On December 1, 2014, OxyHealth filed the subject Motion for Summary Judgment.
　　On September 15, 2015, the district court entered an Order granting OxyHealth's Motion for Summary Judgment and instructing the Clerk to close the case.  With respect to the inadequate design claim, the Court granted summary judgment for lack of proximate cause. With respect to the inadequate warning claim, the Court granted summary judgment for lack of duty and proximate cause.  With respect to the Unfair and Deceptive Trade Practices claim, the Court granted summary judgment for lack of actual reliance on OxyHealth's deceptive acts.  In doing so, the district court committed errors of law, weighed the evidence, made credibility determinations, determined facts, and usurped the role of the jury.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

(1) Did the district court commit an error of law in granting OxyHeath's Motion for Summary Judgment on the Sparks' inadequate design claim for lack of proximate cause because "other factors potentially could have prevented Jarred's death" even though the district court found there was sufficient evidence for a jury to conclude that a defect in the Vitaeris 320 hyperbaric chamber was the "but-for" cause of Jarred's death.

(2) Did the district court commit an error of law in granting OxyHealth's Motion for Summary Judgment on the Sparks' inadequate warning claim for lack of duty and proximate cause even though OxyHealth had actual knowledge that if the quick disconnect valve disengaged from the Vitaeris 320 hyperbaric chamber air would stop flowing into the chamber and that lack of air in the chamber could lead to death by asphyxiation, and there was expert testimony in the record that OxyHealth's failure to provide an effective warning system was unreasonably dangerous, rendered the product defective, and was a cause of Jarred Sparks' asphyxiation.

(3) Did the district court commit an error of law in striking Amy Sparks' affidavit and granting OxyHealth's Motion for Summary Judgment on the Sparks' Unfair and Deceptive Trade Practices claim for lack of reliance where both the affidavit and deposition testimony revealed that Amy Sparks relied on OxyHealth's false and misleading representations when making the decision to purchase the Vitaeris 320 hyperbaric chamber.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Oxy-Health, LLC | Adverse Party: Oxy-Health Corporation |
|---|---|
| Attorney: Kevin L. Chignell<br>Address: Parker Poe Adams & Bernstein<br>301 Fayetteville Street<br>Suite 1400<br>Raleigh, NC  27601 | Attorney: Kevin L. Chignell<br>Address: Parker Poe Adams & Bernstein<br>301 Fayetteville Street<br>Suite 1400<br>Raleigh, NC  27601 |
| E-mail: kevinchignell@parkerpoe.com | E-mail: kevinchignell@parkerpoe.com |
| Phone: (919) 828-0564 | Phone: (919) 828-0564 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Amy Sparks and Robert Sparks<br><br>Attorney: W. Christopher Swett<br>Address: Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br><br>E-mail: cswett@motleyrice.com<br><br>Phone: (843) 216-9149 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ W. Christopher Swett      **Date:** 10/6/2015

**Counsel for:** Appellant

**Certificate of Service**: I certify that on 10/6/2015 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| | |

Signature: /s/ W. Christopher Swett      Date: 10/6/2015